JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

17-CV-4909

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 4909

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| COURTNEY EGAN FREY | NEW VIEW GIFTS & ACCESSORIES LTD., John Brennan and Mark Cerceo |
| **(b)** County of Residence of First Listed Plaintiff   Philadelphia<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Media, PA<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Matthew A. Luber, Esq., McOmber & McOmber, P.C., 30 S. Maple<br>Ave., Marlton, NJ 08053 (856) 985-9800 | Attorneys *(If Known)*<br>Not known at present |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
EMPLOYMENT DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| 10/30/2017 | Matthew A. Luber, Esq. | NOV - 1 2017 |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**        17    4909

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __804 Corinthian Avenue, Apt 1, Philadelphia, PA  19130__

Address of Defendant: __311 East Baltimore Ave., Media, PA  19063__

Place of Accident, Incident or Transaction: __311 East Baltimore Ave., Media, PA  19063__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                        Yes☐    No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                        Yes☐    No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                        Yes☐    No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                        Yes☐    No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) __Employment Discrimination__

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Matthew A. Luber, Esq.__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __10/30/2017__        __Matthew A. Luber, Esq.__        __309323__
                            Attorney-at-Law                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/30/2017__        __Matthew A. Luber, Esq.__        __309323__    NOV - 1 2017
                            Attorney-at-Law                    Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| v. | : | CIVIL ACTION |
|  | : |  |
|  | : |  |
|  | : | NO. 17    4909 |
|  | : |  |



In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| | | |
|---|---|---|
| 11-1-17 | Matthew B Luber | Plantiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 856-985-9800 | 732-530-8545 | Mal&NJ.Legal.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV -1 2017





IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------- X

COURTNEY EGAN FREY,

           Plaintiff,

   - vs. -

NEW VIEW GIFTS & ACCESSORIES
LTD., JOHN BRENNAN, and MARC
CERCEO,

          Defendants.

-------------------------------------- X

**17    4909**

Civil Action No. _____

**JURY TRIAL DEMANDED**

FILED

NOV - 1 2017

KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

Plaintiff Courtney Egan-Frey ("Plaintiff"), by and through her undersigned attorneys, hereby files the following Complaint and Jury Demand ("Complaint") against Defendant New View Gifts & Accessories Ltd. ("Defendant New View"), Defendant John Brennan ("Defendant Brennan"), and Defendant Marc Cerceo ("Defendant Cerceo") (collectively "Defendants").

## INTRODUCTION

1.  This case involves a basic right of a working mother—the right to have a child without suffering retribution on the job.  When Plaintiff became pregnant, Defendants suddenly no longer desired to employ Plaintiff as the company Supply Chain Inventory Planner and immediately subjected her to increased animus, scrutiny, and disparate treatment in a transparent effort to compel her resignation.  When Plaintiff refused and obtained the courage to submit an internal complaint of discrimination directly to the company CEO and CFO, they immediately and summarily terminated her employment less than 48-hours later.  In Plaintiff's termination letter, Defendant Brennan admits that he was aware of Plaintiff's pregnancy and her internal

discrimination complaint, but decided to fire her without bothering to address her concerns. Defendants' conduct not only is shameful, it is unlawful. Plaintiff accordingly brings this lawsuit.

## JURISDICTION AND VENUE

2.      Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., Pregnancy Discrimination Act's Amendment to Title VII, 42 U.S.C.A. 2000e(k) ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA").

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. § 2617.

4.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1391(b) because the claim arose in this judicial district.

5.      The unlawful acts and practices of Defendant New View were committed within or upon the direction of the company's agents, servants, employees and/or representatives within the Commonwealth of Pennsylvania and within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      All conditions precedent to the institution of this suit have been fulfilled. On September 13, 2017, Plaintiff dual-filed a Charge of Discrimination and Retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").

7.      The EEOC issued a Notice of Right to Sue to Plaintiff on October 23, 2017, thereby dismissing Plaintiff's Charge (Case No. 530-2017-03911). This action has been filed within 90 days of Plaintiff's receipt of said Notice.

## PARTIES

8.      Plaintiff is a pregnant woman, a former employee of Defendant New View, and a current resident of Philadelphia, Pennsylvania.

9.      Defendant New View is a privately held company that provides fashion décor and accessories to private and corporate clients. Defendant New View is duly organized under the laws of the Commonwealth of Pennsylvania and is based in Media, Pennsylvania. At all relevant times, Defendant New View acted by and through its authorized agents, servants and/or employees acting within the course and scope of their employment with Defendant New View, under the direct control of Defendant New View, and in furtherance of Defendant New View's business. At all relevant times, Defendant New View is and has been an employer employing more than 15 employees.

10.     Defendant Brennan is an individual employed by Defendant New View as the Chief Executive Officer and who has a business address in Media, Pennsylvania.

11.     Defendant Cerceo is an individual employed by Defendant New View as the Chief Financial Officer and who has a business address in Media, Pennsylvania.

12.     At all relevant times, Defendants have been "employers" and/or "persons" as defined under the laws at issue in this suit and are accordingly subject to the provisions of said laws.

13.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTUAL BACKGROUND

14.     On June 5, 2017, Plaintiff was hired by Defendant New View and held the position of Supply Chain Inventory Planner.

3

15.     Plaintiff was approximately two months pregnant at the time she was hired. However, employees of Defendant New View, including Defendant Brennan and Defendant Cerceo, were not made aware that Plaintiff was pregnant.

16.     On Friday July 7, 2017, Plaintiff initiated a meeting with Defendant Cerceo, Plaintiff's immediate supervisor, to get feedback on her work performance.  Plaintiff also disclosed to Defendant Cerceo that she was pregnant.

17.     Upon disclosing her pregnancy, Defendant Cerceo's demeanor changed and began asking Plaintiff questions about Plaintiff's intention for leave.  Defendant Cerceo also inquired *if* Plaintiff would return to work after delivery and Defendant Cerceo offered no input or information regarding company policy as it relates to pregnancy/maternity leave.

18.     During this conversation, Plaintiff informed Defendant Cerceo of her intention to have a follow up meeting with Defendant Brennan.  Plaintiff informed Defendant Cerceo several times that she would like to be present for the meeting and to inform Defendant Brennan, herself, that she was pregnant.  Despite Plaintiff's multiple requests, Defendant Cerceo was oddly insistent that he, and he alone, would inform Defendant Brennan about Plaintiff's pregnancy.

19.     As a result of this conversation, Plaintiff became concerned that her employer took issue with her recently disclosed pregnancy.  Unfortunately, Plaintiff's suspicions and concerns became reality.  From that day forward, and through her unlawful termination, Defendants subjected Plaintiff to discrimination due to her gender and/or pregnancy.

20.     On Monday July 10, 2017, Plaintiff's work performance, which had been praised or deemed on track to that point, was now deemed "subpar."

21.     Indeed, Defendant Cerceo and another Defendant New View employee presented Plaintiff with a list of issues Plaintiff needed to fix by the end of the week, or July 14, 2017. Plaintiff diligently made sure everything was perfect and on time.

22.     Nevertheless, Defendant New View employee told Plaintiff there were mistakes. These types of "mistakes" were never issues or even addressed before Plaintiff disclosed her pregnancy.

23.     In addition, on July 17, 2017, ten days after disclosing her pregnancy Plaintiff was introduced to new male inventory planner, "Jeremy."   Because Jeremy held the same position as Plaintiff, Plaintiff became suspicious that Jeremy was her replacement.

24.     In an attempt to gain clarity, Plaintiff emailed Defendant Cerceo to set up a meeting to discuss her concerns.   Defendant Cerceo never responded to Plaintiff's email.  In turn, Plaintiff walked into Defendant Cerceo's office to discuss her concerns. As the conversation developed, Defendant Cerceo informed Plaintiff that Jeremy's skill set matched what Defendant New View was looking for as an inventory planner and that Defendant New View no longer had a need for Plaintiff's services.

25.     Shocked, Plaintiff asked if the company's decision had anything to do with her pregnancy and further explained Defendant Cerceo was fully aware of her skill set when she was hired.  At the conclusion of the discussion, Defendant Cerceo informed Plaintiff that he would look into Plaintiff working *under the supervision of Jeremy*, pending approval of Jeremy and Defendant Brennan.

26.     Later that same day, Plaintiff received a meeting request titled "Planning," which included Defendant Cerceo, Jeremy and Plaintiff as attendees. In this meeting Plaintiff discovered Jeremy was, in actuality, *interviewing Plaintiff for the position she currently held*.   Plaintiff was

5

shocked, and quickly understood the "interview" was simply a ruse to humiliate and embarrass Plaintiff, and to force her to resign.

27.    After the conversation, Defendant Cerceo noticed Plaintiff was visibly upset. Defendant Cerceo then summoned Plaintiff into his office and asked her whether she wanted to go home.  Plaintiff responded that this entire situation was inappropriate.  In response, Defendant Cerceo asked Plaintiff if she "wanted to quit," which was Defendants' objective all along.

28.    As a result of the foregoing events, Defendant Cerceo and Defendant Brennan's intention to force Plaintiff to resign from employment and have Jeremy fill her position became clear to Plaintiff.

29.    In turn, on July 26, 2017, Plaintiff made a formal complaint to Defendant Brennan that she has been subjected to discrimination on the basis of her pregnancy and gender.

30.    Specifically, Plaintiff complained to Defendant Brennan that from the time she disclosed her pregnancy, Defendant Cerceo has been trying to force her to resign:

> **From:** Courtney Egan Frey
> **Sent:** Wednesday, July 26, 2017 11:16 PM
> **To:** John Brennan <jbrennan@nvga.com>
> **Cc:** Marc Cerceo <MCerceo@NVGA.COM>
> **Subject:**
>
> I would like to file a formal complaint acknowledging that I have been treated unfairly and have been subject to discrimination during my time at NVGA.
>
> Prior to a meeting between myself and manager on 7/7/2017, I received limited feedback regarding my performance.
>
> I initiated this meeting and was encouraged by feedback recognizing minor mistakes, but ultimately praising my initiative.
>
> It was later in this meeting I disclosed my pregnancy.
>
> Since disclosing this information I have been subject to increased criticism regarding my performance.

6

I was requested to improve certain aspects of my job, which I have.

Last Tuesday, I initiated efforts to have a conversation with my manager where I wished to illustrate improved performance and express concerns with work environment.

Efforts to showcase improvements were met with indifference and dismissed.

As the conversation continued, I was told I no longer had a position and that a new individual, (male, working remotely from Michigan) would be replacing me.

I was later forced to interview with this new individual for the job I currently hold.

I was not given warning that any of these changes were occurring, nor that this interview would take place.

I was later asked if I wanted to quit by my manager, which I declined.

Since disclosing my pregnancy, I feel that I am being forced out of my position.

I feel that such actions are considered a violation of discrimination laws regarding pregnancy and gender.

Courtney Egan Frey
Supply Chain Inventory Planner
New View Gifts & Accessories
311 E Baltimore Avenue
Media, PA 19063
Phone:  610-627-0190  ext: 198
Fax:  610-627-0173

*See* **Exhibit A**, July 26, 2017 Email from Plaintiff to Defendant Brennan and Defendant Cerceo.

31.    Rather than investigate and/or remediate the workplace, on July 28, 2017, less than 48 hours after Plaintiff complained of discrimination, Defendants terminated Plaintiff's employment, which was blatant retaliation for Plaintiff's complaints of discrimination and her pregnancy.

7

32.     In Plaintiff's termination letter Defendant Brennan even admits that he was aware

of Plaintiff's pregnancy when he decided to terminate her employment, but claims it had no impact:

July 28, 2017

Dear Courtney,

As you are aware New View purchased the assets of DCWV on June 23rd and is in the process of integrating the two companies into one.  As part of that process we have brought in a Senior Inventory Manager with a great deal of experience with systems already developed that suit our needs perfectly.

After the acquisition, I sat down to review the overall departmental budgets with Marc and decided to eliminate your position in the company due to duplication.  It was my feeling that the person we brought in had a superior skill set to yours and systems that are exactly what we need.  Part of this decision had to do with the fact that it was brought to my attention that you are having performance issues.  Given the complaints about the accuracy of your work and the fact that we had duplication of your position I told Marc to eliminate your position.  To be clear, no mention of your status as a pregnant female was ever discussed and had no impact on this decision.  As you know New View has several female employees who have had or are having babies and in no way, has it effected their employment status.  Given that there is no history at New View of any issues of discrimination towards mothers to be (quite the opposite) please know that the decision to terminate your employment was based on redundancy of the position due to the acquisition, your performance issues, and the fact that the new employee has a superior skill set to yours.  With that said and at your request, Marc asked me if we could restructure the department and have you work for Jeremy and I agreed to try that which is what we opted to due vs. a straight termination.

At this point in time, I have made the decision to go with the original decision for the original reasons and terminate your position at New View.  Your last day of employment will be today.  New View will offer you one month of paid severance based on the signing of a release letter and will not challenge your unemployment claim.  Please know that I wish you the best of luck in your future career and will be happy to offer you a positive reference should you require one.

Sincerely,

John L Brennan
CEO / New View Gifts & Accessories Ltd.

*See* **Exhibit B**, July 28, 2017, Termination Letter from Defendant Brennan to Plaintiff.

33.     In reality, Defendants' proffered reason is pure pretext.  Plaintiff's termination was

due to her pregnancy/sex or in retaliation for complaining of being subjected to such unlawful

treatment in the workplace.

34.     Defendant' actions constitute unlawful discrimination and retaliation under federal

and state law.  Plaintiff seeks all appropriate remedies under Title VII and PHRA, including but

not limited to, compensatory and punitive damages, declaratory and injunctive relief, interest, costs

(including expert witness fees), liquidated damages, negative tax consequence damages and

attorneys' fees from Defendants.

## CLAIMS

## COUNT I: TITLE VII - DISCRIMINATION DUE TO PREGNANCY AND/OR SEX
### (against Defendant New View)

35.     The preceding paragraphs are incorporated by reference as if fully set forth.

36.     The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis of pregnancy and/or sex in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963

37.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in her favor and against Defendants, and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT II: TITLE VII - RETALIATION
### (against Defendant New View)

38.     The preceding paragraphs are incorporated by reference as if fully set forth.

39.     The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended.

40.     Defendant New View retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

41.     Defendant New View, by and through its employees, retaliated against Plaintiff for having exercised her rights under federal and state law.

9

42.    Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant SEI and seeks all appropriate remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended, including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT III:  PHRA - DISCRIMINATION DUE TO PREGNANCY AND SEX
### (against all Defendants)

43.    The preceding paragraphs are incorporated by reference as if fully set forth.

44.    The acts, failures to act, and conduct of Defendants set forth above constitute unlawful discrimination on the basis Pregnancy and Sex in violation of Plaintiff's rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963

45.    Said violations were intentional and willful.

**WHEREFORE**, Plaintiff, respectfully demands judgment in her favor and against Defendants, and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

## COUNT IV: PHRA - RETALIATION
### (against all Defendants)

46.    The preceding paragraphs are incorporated by reference as if fully set forth.

47.    The acts, failures to act, and conduct of Defendants set forth above constitute retaliation against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

10

48.     Defendants retaliated against Plaintiff for engaging in protected activities, namely, for complaining and protesting ongoing discrimination, harassment, and retaliation.

49.     Defendant New View, by and through its employees, retaliated against Plaintiff for having exercised her rights under federal and state law

50.     Said violations were intentional and willful.

**WHEREFORE**, Plaintiff respectfully demands judgment in her favor and against Defendant New View and seeks all appropriate remedies under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 including compensatory and punitive damages, declaratory and injunctive relief, interest, costs (including expert witness fees), liquidated damages, negative tax consequence damages, attorney's fees and such other relief as the Court shall deem appropriate.

Respectfully Submitted,

Dated:  10/31/2017

/s/

Matthew A. Luber (Pa. Id. No. 309323)
mal@njlegal.com
R. Armen McOmber, Esq. (*pro hac vice to be filed*)
ram@njlegal.com
McOmber & McOmber, P.C.
30 S. Maple Avenue, Suite 201
Marlton, New Jersey 08053
Phone: 856-985-9800
Fax: 732-530-8545

*Attorneys for Plaintiff Courtney Egan Frey*

11

# EXHIBIT A

**From:** Courtney Egan Frey
**Sent:** Wednesday, July 26, 2017 11:16 PM
**To:** John Brennan <jbrennan@nvga.com>
**Cc:** Marc Cerceo <MCerceo@NVGA.COM>
**Subject:**

I would like to file a formal complaint acknowledging that I have been treated unfairly and have been subject to discrimination during my time at NVGA.

Prior to a meeting between myself and manager on 7/7/2017, I received limited feedback regarding my performance.

I initiated this meeting and was encouraged by feedback recognizing minor mistakes, but ultimately praising my initiative.

It was later in this meeting I disclosed my pregnancy.

Since disclosing this information I have been subject to increased criticism regarding my performance.

I was requested to improve certain aspects of my job, which I have.

Last Tuesday, I initiated efforts to have a conversation with my manager where I wished to illustrate improved performance and express concerns with work environment.

Efforts to showcase improvements were met with indifference and dismissed.

As the conversation continued, I was told I no longer had a position and that a new individual, (male, working remotely from Michigan) would be replacing me.

I was later forced to interview with this new individual for the job I currently hold.

I was not given warning that any of these changes were occurring, nor that this interview would take place.

I was later asked if I wanted to quit by my manager, which I declined.

Since disclosing my pregnancy, I feel that I am being forced out of my position.

I feel that such actions are considered a violation of discrimination laws regarding pregnancy and gender.

Courtney Egan Frey

Supply Chain Inventory Planner

New View Gifts & Accessories

311 E Baltimore Avenue

Media, PA 19063

Phone: 610-627-0190  ext: 198

Fax: 610-627-0173

# EXHIBIT B



**NEW VIEW GIFTS AND ACCESSORIES**
311 East Baltimore Avenue, Media, PA 19063
t: 610.627.0190  f: 610.627.0189  www.nvga.com

July 28, 2017

Dear Courtney,

As you are aware New View purchased the assets of DCWV on June 23rd and is in the process of integrating the two companies into one. As part of that process we have brought in a Senior Inventory Manager with a great deal of experience with systems already developed that suit our needs perfectly.

After the acquisition, I sat down to review the overall departmental budgets with Marc and decided to eliminate your position in the company due to duplication. It was my feeling that the person we brought in had a superior skill set to yours and systems that are exactly what we need. Part of this decision had to do with the fact that it was brought to my attention that you are having performance issues. Given the complaints about the accuracy of your work and the fact that we had duplication of your position I told Marc to eliminate your position. To be clear, no mention of your status as a pregnant female was ever discussed and had no impact on this decision. As you know New View has several female employees who have had or are having babies and in no way, has it effected their employment status. Given that there is no history at New View of any issues of discrimination towards mothers to be (quite the opposite) please know that the decision to terminate your employment was based on redundancy of the position due to the acquisition, your performance issues, and the fact that the new employee has a superior skill set to yours. With that said and at your request, Marc asked me if we could restructure the department and have you work for Jeremy and I agreed to try that which is what we opted to due vs. a straight termination.

At this point in time, I have made the decision to go with the original decision for the original reasons and terminate your position at New View. Your last day of employment will be today. New View will offer you one month of paid severance based on the signing of a release letter and will not challenge your unemployment claim. Please know that I wish you the best of luck in your future career and will be happy to offer you a positive reference should you require one.

Sincerely,

John J Brennan
CEO / New View Gifts & Accessories Ltd.